IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LEO JAMERIC BERRY,        §
TDCJ #1125862,            §
                              §
        Petitioner,       §
                              §
v.                              §       CIVIL ACTION NO. H-09-3852
                              §
RICK THALER, Director,     §
Texas Department of Criminal Justice -  §
Correctional Institutions Division,   §
                              §
        Respondent.     §

## MEMORANDUM AND ORDER

The petitioner, Leo Jameric Berry (TDCJ #1125862), is a state inmate incarcerated within the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ").  Berry has filed a petition for a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254.  The respondent has answered with a motion for summary judgment, arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d).  (Docket No. 7).  Berry has filed a reply.  (Docket No. 8).  After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

## I.     BACKGROUND

In 2001, a local grand jury returned an indictment against Berry, charging him with arson in cause number 922627.  That indictment alleged that Berry intentionally set fire to

a habitation and that an infant, identified as Serenity Colquitt, perished as a result of his actions.  A jury in the 178th District Court of Harris County, Texas, found Berry guilty as charged.  Following a punishment hearing on September 12, 2002, the same jury sentenced Berry to serve ninety years of imprisonment in that case.

On direct appeal, Berry challenged the sufficiency of the notice and the evidence in support of a finding made by the jury, during the punishment phase of the trial, that a deadly weapon was used or exhibited during the offense.  Berry argued further that the trial court erred by admitting evidence during the punishment proceeding, which showed that Berry admitted starting fires in another habitation.  Berry also challenged the adequacy of the jury instructions on the extraneous-offense evidence admitted during the punishment phase.  An intermediate court of appeals overruled all of Berry's issues and affirmed the conviction in an unpublished opinion.  *See Berry v. State*, No. 04-02-00741-CR, 2004 WL 86144 (Tex. App. ─ San Antonio Jan. 26, 2004).  Berry did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

In a petition filed on November 24, 2009, Berry now seeks a writ of habeas corpus under 28 U.S.C. § 2254, to challenge his 2002 conviction for arson.[1]  Berry's sole claim is

---

[1]    The Clerk's Office received the petition on November 27, 2009, and filed it that same day.  However, the petition is dated November 24, 2009, indicating that the petitioner placed his pleadings in the prison mail system on that date.  Courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

2

that he was denied effective assistance of counsel at trial.  In particular, Berry objects that

his attorney failed to request a hearing to determine whether he was "mentally

incompetent" to stand trial because he was taking "narcotic prescription medication" at the

time.  Noting that Berry's conviction became final in February of 2004, the respondent

maintains that the petition must be dismissed as untimely under the governing one-year

statute of limitations found in 28 U.S.C. § 2244(d).  Berry has filed a reply.  The parties'

contentions are discussed further below.

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the

"AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus

petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28

U.S.C. § 2244(d).  Because the pending petition was filed well after April 24, 1996, the

one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198

(5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  In this case, the statute of

limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. §

2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review."

As noted above, Berry was convicted and sentenced to ninety years' imprisonment

pursuant to a state court judgment that was entered against him on September 12, 2002.

Berry's conviction was affirmed in an unpublished opinion entered by an intermediate

court of appeals on January 21, 2004.  Although Berry did not file a petition for

discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days later, on February 20, 2004. *See* TEX. R. APP. P. 68.2.  That date triggered the limitations period found in § 2244(d)(1)(A), which expired one-year later on February 20, 2005.  Berry's pending petition, which is dated November 24, 2009, is late by well over four years and is therefore time-barred unless an exception applies.

      **A.**     **Statutory Tolling**

      Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  The record reflects that, on January 27, 2005, Berry filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure.  In this application, Berry complained that the trial court erred by admitting evidence of extraneous bad acts during his punishment proceeding and that the trial court also gave an incorrect jury instruction regarding this evidence.  In addition, Berry argued that his trial attorney failed to object properly to the extraneous-offense evidence and that his appellate attorney was also constitutionally ineffective.  The Texas Court of Criminal Appeals denied relief, without a written order, on September 14, 2005.  *See Ex parte Berry*, No. 61,979-01.  To the extent that this application tolls or suspends the statute of limitation, it was pending for only 230 days.

      The record reflects that Berry filed a second state habeas corpus application on July 20, 2009.  In this application, Berry complains as he does here that he was heavily medicated and that his counsel failed to request a competency hearing prior to trial.  The

4

Texas Court of Criminal Appeals dismissed the petition under Article 11.07, § 4(a)-(c) of the Texas Code of Criminal Procedure, as an abuse of the writ. *See Ex parte Berry*, No. 61,979-02 (Oct. 21, 2009). Because this habeas proceeding was filed after the limitations period had already expired, it does not have any tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Berry presents no other basis for statutory tolling and the record does not disclose any. In that regard, Berry has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

## B.     Equitable Tolling

In his response to the summary judgment motion, Berry acknowledges that his petition is untimely and he appears to ask for equitable tolling. Equitable tolling is an extraordinary remedy which is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Nevertheless, the Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d

398, 402 (5th Cir. 1999). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Assuming that the AEDPA allows it, the Supreme Court has observed that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes: "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)). Berry fails to meet that burden here because the record reflects that he did not pursue his rights with the requisite diligence. Further, Berry fails to show that extraordinary circumstances prevented him from pursuing relief in a timely manner.

The chronology of Berry's state court proceedings documents substantial delay between the judgment and the date that Berry executed the pending federal habeas corpus petition on November 24, 2009. As noted above, Berry's underlying criminal conviction was entered in 2002, and became final in February of 2004. Berry filed an initial state habeas corpus application on January 27, 2005, which the Texas Court of Criminal Appeals denied on September 14, 2005. Significantly, Berry waited four years to present

6

the ineffective-assistance claim that he now raises on federal review.  Berry presented that claim in his second state habeas application, which was submitted to the trial court on July 20, 2009, and dismissed as an abuse of the writ on October 21, 2009.

In attempt to explain his delay, Berry alleges that he was unable to pursue relief because he has a low IQ (76), he is "functionally illiterate," and he must rely on "inmate writ writers" for legal help.  (Docket No. 8).  In addition, the inmate assisting Berry has provided an affidavit in support, averring that Berry is "a psychiatry patient" with unspecified mental disabilities who "cannot help himself."  (Docket No. 8, Exhibit).

In *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), the Fifth Circuit "recognized the possibility that mental incompetency might support equitable tolling of a limitation period."  The petitioner in *Fisher* was confined to a psychiatric ward, medicated, separated from his glasses and hence rendered legally blind, denying him meaningful access to the courts.  *Id*. at 715.  The Fifth Circuit denied equitable tolling in that case, however, finding that the petitioner still had an opportunity to work on a federal habeas corpus petition during the limitations period.  The Court reasoned that "a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling."  *Id.*

In *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003), the Fifth Circuit found equitable tolling inapplicable where an inmate was hospitalized thirteen times in a one-year period.  In that case, the Fifth Circuit concluded that the petitioner failed to "suppl[y] the necessary details concerning his hospitalizations, such as when and for how long and

at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner." *Id.*

Berry does not disclose the nature of his mental impairment.  More importantly, Berry does not allege facts showing that mental illness or disability prevented him from pursuing habeas corpus relief in federal court prior to the expiration of the limitations period.  In that regard, the record shows that Berry filed a state habeas application within the limitations period. *See Ex parte Berry*, No. 61,979-01.  Berry does not explain why he failed to present his pending ineffective-assistance claim in that application.  Likewise, Berry fails to provide necessary details showing that his mental impairment prevented him from managing his affairs or understanding his legal rights and acting upon them before the one-year statute of limitations expired.  Absent a showing that Berry was prevented from filing a federal petition in a timely manner due to mental incapacity or incompetency during the relevant time period, he is not entitled to equitable tolling. *See Roberts*, 319 F.3d at 695; *see also Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (finding that the petitioner made "no factual showing of mental incapacity" and, therefore, fell far short of establishing the "'extraordinary circumstances' necessary to support equitable tolling").

None of Berry's other allegations demonstrate an exceptional circumstance that meets the criteria for equitable tolling.  Although Berry has represented himself on state habeas corpus review and in this federal proceeding, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See*

8

*Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[2]  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). However, the doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)).  Given the petitioner's lack of diligence,

---

[2]    The Court notes further that, to the extent that Berry raised the pending claim concerning his competency in his second state habeas application, the Texas Court of Criminal Appeals declined review and dismissed this application as an abuse of the writ. *See Ex parte Berry*, No. 61,979-02.  Thus, Berry's claim is subject to the doctrine of procedural default. *See Fearance v. Scott*, 56 F.3d 633 (5th Cir. 1995).  The Court notes further that Berry filed numerous pretrial motions on his own behalf. *Clerk's Record*, at 27-69, 72-73.  Berry does not otherwise allege facts showing that he was unable to assist in his own defense or that he was incompetent to stand trial.  Because the petition is plainly barred by the governing statute of limitation, the Court does not address the merits further.

the Court concludes that his circumstances are not among those "rare and exceptional"
conditions which warrant deviation from the express rules that Congress has provided.
*See Felder*, 204 F.3d at 173.  Berry has not established that he is entitled to equitable
tolling and, therefore, his petition must be dismissed as barred by the governing one-year
limitations period.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA,
codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal
may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that
actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of
appealability).  "This is a jurisdictional prerequisite because the COA statute mandates
that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may
not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)
(citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a
substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which
requires a petitioner to demonstrate "that reasonable jurists would find the district court's
assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S.
274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the
controlling standard, this requires a petitioner to show "that reasonable jurists could
debate whether (or, for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The statute of limitations on federal habeas corpus review has been the law for over fourteen years, since April of 1996.  This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim.  Therefore, a certificate of appealability will not issue.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.   The respondent's motion for summary judgment (Docket No. 7) is **GRANTED**.

2.   The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 2nd day of June, 2010.

_____
Kenneth M. Hoyt
United States District Judge